UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARUEA NORTH, CDCR #BJ-7624,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>SALAZAR, Sergeant,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-1750-WQH-LR<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3], AND**<br><br>**(2) SCREENING THE COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

HAYES, Judge:

　　Plaintiff Demaruea North ("Plaintiff" or "North"), a prisoner who is proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges Defendant Salazar, a correctional sergeant at R.J. Donovan Correctional Facility ("RJD"), violated his constitutional rights by denying him a mattress and retaliating against him for stating his intent to file an administrative grievance about the matter. (*See* ECF No. 1 at 8–9.) North also alleges a state law negligence claim against Salazar. (*Id.* at 9.) The Court initially dismissed the complaint because Plaintiff failed to pay the filing fee or move to proceed in forma pauperis. (ECF No. 2.) Plaintiff has now filed a Motion to Proceed In Forma Pauperis ("IFP") and the case has been reopened. (ECF No. 3.)

1 **MOTION TO PROCEED IFP**

Generally, a party filing a civil suit in federal district court must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. §§ 1915(a)(1)–(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. §§ 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing up front, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. §§ 1915(b)(1)–(2).

In support of his IFP motion, North has provided a copy of his prison trust account statement and a certificate of funds. (*See* ECF No. 3.) During the six months prior to filing suit, North had an average monthly balance of $36.67, average monthly deposits of $36.67;

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

and he has a current available balance of $0.00. (*Id.* at 4, 6.) Accordingly, the Court grants Plaintiff's IFP motion. Because North has no funds on account, the Court assesses no initial partial filing fee, and directs the agency having custody of Plaintiff to the $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## SCREENING

**A.    Legal Standards**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must sua sponte screen a prisoner's IFP complaint and dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Factual Allegations**

On September 30, 2022, when North was on "C-Yard" at RJD, Seargeant Salazar overheard North assisting a fellow inmate in preparing an administrative grievance

regarding that inmate's "right to have a mattress." (ECF No. 1 at 8.) North told Salazar that he would also be filing a 602 grievance because Salazar was "refusing" to provide North with a mattress as well. (*Id.* at 9.) Salazar responded that "since [North] wanted to pursue prison grievances [Salazar] would make sure [North] w[ould] not get a mattress." (*Id.*) Plaintiff also told Salazar he suffered from "physical disabilities," but Salazar said "he did not care" about Plaintiff's disabilities. (*Id.*) Salazar refused to give North a mattress and, as a result, North was without one for approximately six days. During that time, North suffered severe, chronic pain in his neck, shoulders, back, arms, legs, and spine. (*Id.*) He also experienced migraine headaches. Salazar's conduct caused North to "need a walker and months of physical therapy." (*Id.*)

## C.  Discussion

North alleges Salazar violated his First Amendment right to be free from retaliation and his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 8.) Plaintiff also appears to raise a state law claim against Salazar for "gross negligence." (*Id.* at 9.) He seeks compensatory and punitive money damages. (*Id.* at 10.)

### 1.  *First Amendment Retaliation*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Put another way, a prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *See Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

To the extent North alleges retaliation for assisting a fellow inmate in preparing an administrative grievance, he has not alleged he was engaged in protected conduct. Inmates

do not have a "special First Amendment right to provide legal assistance to fellow inmates." *Shaw v. Murphy*, 532 U.S. 223, 228–29 (2001).

But Plaintiff also alleges he told Salazar he intended to submit his own administrative grievance because Salazar was refusing to give Plaintiff a mattress. (ECF No. 1 at 9.) "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114. A prisoner can also bring a retaliation claim for adverse actions against him for making threats to sue because such threats "fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017). Thus, the Court finds North has plausibly alleged he was engaged in protected conduct. *See Loftis v. Montes*, No. 2:18-cv-4769-JFW (GJS), 2019 WL 3806388, at *4 (C.D. Cal. June 25, 2019) ("A majority of district courts in California have held that an inmate's threat to file a prison grievance is entitled to First Amendment protection.") (collecting cases), *findings and recommendations adopted by*, 2019 WL 3802187 (C.D. Cal. Aug. 13, 2019); *Garcia v. Strayhorn*, No. 13-CV-807-BEN (KSC), 2014 WL 4385410, at *6 (S.D. Cal. Sept. 3, 2014) ("[A] number of courts have concluded that verbal statements made by an inmate that essentially constitute a grievance, or that indicate an intent to file a formal written grievance, are protected by the First Amendment.") (collecting cases).

Furthermore, North alleges that immediately after he told Salazar of his intent to file an administrative grievance, Salazar responded that if North "wanted to pursue prison grievances" he would "make sure" North would not get a mattress. (ECF No. 1 at 9.) Plaintiff alleges he then went six days without a mattress and, because of his disabilities, he suffered migraine headaches and pain in his neck, shoulders, and back. (*Id.*)

In sum, the Court finds North has alleged sufficient facts to state a plausible First Amendment retaliation claim. *See Watison*, 668 F.3d at 1114 ("A plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm that is more than minimal.") (internal citations omitted); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (noting the adverse action taken against a prisoner "need not be an

independent constitutional violation"); *Iqbal*, 556 U.S. at 678.

### 2. Eighth Amendment

In his second claim for relief, North alleges Salazar violated his Eighth Amendment rights by denying him a mattress for six days. (ECF No. 1 at 9.) "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To challenge conditions of confinement under the Eighth Amendment, a plaintiff must show: (1) objectively, the official's act or omission is so serious that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official acted with "deliberate indifference." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective prong requires showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The subjective prong requires showing that the prison official acted with deliberate indifference. To do so, a plaintiff must establish the prison official subjectively "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To meet it, "the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). Even if a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014).

Here, North alleges Salazar deprived him of a mattress for six days. When determining whether a condition of confinement is objectively serious, courts consider "[t]he circumstances, nature, and duration of [the] deprivation." *Johnson v. Lewis*, 217 F.3d

726, 731 (9th Cir. 2000); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). The Ninth Circuit has noted "there is no clear legal guidance on whether mattress deprivation" amounts to an Eighth Amendment violation. *Jones v. Neven*, 678 F. App'x 490, 493 (9th Cir. 2017) (internal quotation marks omitted) (concluding defendants were entitled to qualified immunity because it was not clearly established that depriving prisoner of a mattress or bed for four days was clearly unlawful); *Chappell v. Mandeville*, 706 F.3d 1052, 1060 (9th Cir. 2013) (finding defendants entitled to qualified immunity because it was not clearly established that mattress deprivation for seven days violated Eighth Amendment). Moreover, many district courts in the Ninth Circuit have concluded that temporary deprivations of a mattress or bedding are not sufficiently serious to support an Eighth Amendment claim. *See Presti v. Telefoni*, No. 21-00405 LEK-WRP, 2021 WL 4824107, at *7 (D. Haw. Oct. 15, 2021) (being deprived of bed for nine days failed to state an Eighth Amendment claim); *Hirano v. Williams*, No. EDCV 13-2371-DMG (AGR), 2017 WL 11632461, at *12 (C.D. Cal. Mar. 24, 2017) ("[A] seven-day deprivation of a mattress generally does not rise to the level of an Eighth Amendment violation."); *Gordon v. Cate*, No. 11-cv-03593-JST (PR), 2014 WL 848212, at *4 (N.D. Cal. Feb. 28, 2014) (concluding seven days with a thin, dirty, stained, and smelly mattress and no pillow was not sufficiently serious to rise to the level of an Eighth Amendment violation); *Centeno v. Wilson*, No. 1:08-cv-1435-FJM, 2011 WL 836747, at *3 (E.D. Cal. Mar. 4, 2011) (finding no Eighth Amendment violation where prisoner was forced to sleep on a cold floor without a mattress, blanket, or the ability to shower for seven days), *aff'd*, 479 F. App'x 101 (9th Cir. 2012). The Court finds Plaintiff's lack of a mattress for six days does not by itself amount to an "objectively [and] 'sufficiently serious'" deprivation under the Eighth Amendment. *See Farmer*, 511 U.S. at 834 (citation omitted).

Furthermore, although North alleges he suffers from "disabilities" that may have contributed to the seriousness of the mattress deprivation, he does not specify the nature or extent of these disabilities in his Complaint. Nor does he allege Salazar was aware of the specific nature of his condition(s). Thus, even assuming a serious deprivation, North's

general statement to Salazar that he had "physical disabilities" (*see* ECF No. 1 at 9) is insufficient to plausibly allege knowledge or deliberate indifference on Salazar's part. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who lack[] knowledge of a risk cannot be said to have inflicted punishment."); *Peralta*, 744 F.3d at 1086 (noting that if a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk).

The Court finds Plaintiff has failed to state an Eighth Amendment claim against Salazar. The claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Iqbal*, 556 U.S. at 678.

### 3. State Law Negligence Claim

Finally, North fails to state a claim for "gross negligence" under California state law. Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board") and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (Cal. App. 1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (Cal. 1974) (citations omitted).

Compliance with the "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (Cal. 2004) ("[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."). Here, North has failed to allege his "gross negligence" claim was "presented to and rejected by the pertinent public entity," as required under California law. Therefore, Plaintiff has failed to plausibly allege

a California state law negligence claim against Salazar. The Court thus dismisses the "gross negligence" claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Iqbal*, 556 U.S. at 678.

**D.     Plaintiff's Options**

In sum, having conducted sua sponte screening of the complaint, the Court finds Plaintiff has plausibly alleged a First Amendment retaliation claim against Salazar but has failed to state an Eighth Amendment or state negligence claim against him. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Therefore, IT IS HEREBY ORDERED that Plaintiff may either: (1) proceed with his First Amendment retaliation claim as currently alleged or (2) file an amended complaint that addresses the pleading deficiencies the Court has identified. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

IT IS FURTHER ORDERED that Plaintiff must choose one of the above options within sixty (60) days from the date this Order is filed. If Plaintiff notifies the Court he wishes to proceed only with his First Amendment retaliation claim against Salazar, the Court will issue an order directing the Clerk to issue the summons and the U.S. Marshal to effect service of the summons and complaint on Defendant Salazar, and his other claims will remain dismissed from this action. Should Plaintiff elect to file an amended complaint, that pleading will be subject to another preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) before the Court determines whether U.S. Marshal Service upon any defendant is warranted.

## CONCLUSION

For the reasons discussed above, the Court:

(1)     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3).

(2)     **ORDERS** the Secretary of the CDCR, or his designee, to collect from

Plaintiff's trust account and forward the $350 owed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DISMISSES** Plaintiff's Eighth Amendment and state law "negligence" claims against Salazar for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(5) **GRANTS** Plaintiff **sixty (60) days** leave from the date of this Order to file either: (a) a Notice of Intent to proceed with his First Amendment retaliation claim against Salazar; OR (b) an Amended Complaint that cures the pleading deficiencies noted above.

If Plaintiff chooses to proceed with his First Amendment retaliation claim, the Court will issue an Order directing the U.S. Marshal to effect service of the complaint on Salazar and dismiss Plaintiff's Eighth Amendment and state law negligence claims against Salazar.

If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, his amended complaint must be complete in itself, without reference to the original pleading. Any claims not re-alleged in the amended complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled.").

Dated:  November 17, 2025

Hon. William Q. Hayes
United States District Court